G. W. McAbee v. The State.

No. 8645.    Delivered April 22, 1925.

1.—Enticing a Minor—Evidence—Hearsay Inadmissible.

The only evidence of an incriminating character in this record, and that of but little force, was the statement of the delinquent girl that Mrs. Barnes told her that appellant had given her $4.50 [not in appellant's presence or hearing] to pay for the girl's fare. This testimony was purely hearsay, and it was reversible error to admit it, over the objection interposed.

2.—Same—Evidence—Insufficient.

Because of the admission of the hearsay testimony, and because the facts are wholly insufficient to support the verdict and judgment the cause is reversed, and remanded.

Appeal from the County Court of Howard County. Tried below before the Hon. H. R. Debenport, Judge.

Appeal from a conviction under two counts in an information, one for contributing to the delinquency of a female under the age of

seventeen years, penalty assessed six months in the county jail and a fine of $250.00; and under the second count, of enticing a minor child away from the custody of her parents, penalty assessed a fine of $100.00.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the county court of Howard county on two counts in an information, one count charging him with contributing to the delinquency of a female under the age of seventeen years by causing and encouraging her to commit acts of sexual intercourse with men, and the other count on which he was convicted charging him with enticing a minor girl child away from the custody of her parents. On the first count his punishment was assessed at six month in jail and a fine of $250.00, and on the other count his punishment was assessed at a fine of $100.00.

The record shows that one Velma Barnes carried the child in question from her home in Big Spring to Sweetwater, Abilene and other places for immoral purposes. Appellant was running the Red Ball stage line from Big Spring to near Roscoe, where he met the Sweetwater stage and exchanged passengers. The only connection he is shown to have with the transaction is that he hauled Mrs. Barnes and the girl in question from Big Spring to where he met the Sweetwater stage and then exchanged them with the driver of that car for other passengers. The girl in question testified that Mrs. Barnes told her (not in appellant's presence or hearing) after they got to Sweetwater that appellant had given her $4.50 to pay for the girl's fare. Proper objection was made to this as hearsay, and exception was duly preserved in the record.

This objection ought to have been sustained, and the court's failure to do so was error. Without this testimony, there is not a vestige of incriminating testimony against this appellant in the record. On the contrary, the State's own testimony shows that the girl was a volunteer passenger on the stage line in company with Mrs. Barnes, and there is no suggestion in the record of any conspiracy or agreement between appellant and Mrs. Barnes to act together in the matter.

Because of the court's error in admitting the hearsay testimony and because the facts are wholly insufficient to support the verdict

and judgment, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.